UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Marouane Guerfaoui,
        Petitioner

        v.                                  Case No. 26-cv-410-SM-TSM
                                            Opinion No. 2026 DNH 082

Warden, FCI Berlin, et al.,
        Respondents

**O R D E R**

Marouane Guerfaoui is a civil immigration detainee from Morocco.  He is currently being detained pursuant to a final order of removal under 8 U.S.C. § 1231.  He brings this habeas corpus petition asserting that his current prolonged detention in ICE custody violates his Fifth Amendment right to due process and that he is entitled to immediate release because "there is no significant likelihood of [his] removal in the reasonably foreseeable future."  Zadvydas v. Davis, 533 U.S. 678, 701 (2001).

On June 5, 2026, the federal respondents filed an objection to the petition (doc. no. 6), supported by the Affidavit of Brian Sullivan, Acting Field Office Director for the U.S. Department of Homeland Security, and various exhibits to that

affidavit (doc. no. 6-1).  In that objection, respondents make the following legal and factual assertions.

Petitioner is a native of the Kingdom of Morocco.  On or about August 7, 2008, he entered the United States at New York, New York, as a nonimmigrant visitor for pleasure, with authorization to remain until February 6, 2009.  He overstayed that visit and remained in the United States without authorization beyond that date.  While petitioner was in the United States, multiple criminal charges were brought against him, including, but not limited to, charges of shoplifting, possession of a controlled substance, possession with intent to distribute a controlled substance, larceny, trespassing, knowingly receiving stolen property, and assault and battery.

On or about July 25, 2025, ICE encountered petitioner and took him into custody.  That same day, he was issued a notice to appear.  Removal proceedings against him began roughly a month later (on or around August 22, 2025), and he is currently detained at FCI Berlin.

On October 31, 2025, petitioner was ordered removed to Morocco.  At the proceeding, petitioner withdrew his adjustment of status application and the Immigration Judge ("IJ") denied

2

his request for asylum, withholding of removal, and withholding of removal under the Convention Against Torture.  Petitioner reserved his right to appeal his order of removal to the Board of Immigration Appeals.  That appeal was due on or before December 2, 2025.  But, petitioner never filed an appeal, which rendered the IJ's order of removal "final."

On December 19, 2025, petitioner was served with a warning for failure to depart, which advised him of the consequences of hampering or failing to cooperate in the process of his removal from the United States.  Petitioner refused to sign the form and informed the ICE officer that he did not have a passport or identification document from Morocco.  Based on that information from petitioner, ICE started the process to obtain a travel document for him from the Moroccan Embassy.

On or about January 29, 2026, petitioner was served with a Notice to Alien of File Custody Review, which informed him that his custody status would be reviewed on or around February 20, 2026, and that he could submit any documentation for ICE's review of his custody status.  A few days later, ICE provided petitioner with an application for travel documents to Morocco. Petitioner refused to complete the application and was informed that his failure to do so would be considered failure to comply

3

with the removal process as required by the final order of removal.

On February 27, 2026, petitioner was served with a decision to continue his detention.  ICE's decision informed petitioner that he was a danger to the community and that ICE expected to be in receipt of the necessary travel documents to remove him soon, so his detention was necessary to effectuate his removal in the reasonably foreseeable future.  Petitioner then requested a personal interview.  That same day - February 27, 2026 - ICE provided petitioner with a second travel document application to Morocco for him to complete.  This time, petitioner completed the travel document application.  Petitioner's travel document request was submitted by ICE to the Moroccan Embassy on or about April 28, 2026.

On May 11, 2026, petitioner was notified that another custody status review, which included a personal interview of him (as requested), would occur in the near future.  That interview occurred approximately two weeks ago, on June 2, 2026. During the interview, petitioner again denied that he had a Moroccan birth certificate, voter registration card, certificate of baptism, cedula (a government issued identity document), national identity card, military identification card, passport,

or other travel documents for Morocco.  He then refused to sign the personal interview record.  A post-custody review decision is currently pending with ICE Enforcement and Removal Operations ("ERO").  A decision is forthcoming.

Meanwhile, even though petitioner denied having any travel documents for Morocco, on or about May 26, 2026, ICE discovered that petitioner did have a Moroccan birth certificate and a Moroccan passport (although the passport was issued when he was a minor).  Those documents were submitted to the Moroccan Embassy to supplement the previous travel document request.

On June 3, 2026, the Moroccan Embassy conducted a telephone interview with petitioner to determine his identity.  Petitioner initially refused to participate in the interview but ultimately acquiesced and completed the interview.  The following day, the Moroccan Embassy contacted ERO and informed them that petitioner had to complete an application for a travel document in order for him to be removed to Morocco.  Respondents have represented that they expect that once petitioner successfully completes that application, a travel document will issue and petitioner will be removed to Morocco shortly thereafter.

Petitioner has not responded or otherwise disputed respondents' factual or legal claims.

### Conclusion

In light of the factual representations made by the federal respondents, it does not appear that petitioner is entitled to the relief he seeks under Zadvydas - that is, he cannot demonstrate that "there is no significant likelihood of removal [to Morocco] in the reasonably foreseeable future." Id., 533 U.S. at 701. Indeed, it would seem that his removal to Morocco is imminent (or will be, once his non-cooperation is no longer an obstacle). Finally, it appears that petitioner has been provided with appropriate custody reviews pursuant to 8 C.F.R. § 241.4(c).

Accordingly, the court will deny the petition and close the case on **July 15, 2026,** unless petitioner shows cause why it should remain open.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

June 18, 2026

cc:  Marouane Guerfaoui, pro se
     Counsel of Record

6